UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

  RAQUEL C. SPEARS,          08-13988 B

     Debtor        <u>DECISION & ORDER</u>
------------------------------------------------------

       Fessenden, Laumer & DeAngelo
       P.O. Box 590
       81 Forest Avenue
       Jamestown, New York 14702-0590
       Attorneys for the Debtor

       Eric A. Bloom, Esq.
       6 North Pearl Street
       Buffalo, New York 14202
       Attorney for Sterling Glass / Dual Pane, Inc.

Bucki, Chief U.S.B.J., W.D.N.Y.

  In this Chapter 7 case, the debtor has filed a motion to avoid two liens that encumber a parcel of commercial real estate. The only issue of contention is whether the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 operates also to reverse the holding of the Supreme Court in *Dewsnup v. Timm*, 502 U.S. 410 (1992).

  Raquel C. Spears filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 10, 2008. The case trustee has completed his administration of this no-asset case, and this court has already issued an Order of Discharge. Meanwhile, pursuant to the purported authority of 11 U.S.C. § 506, the debtor has filed a motion to avoid two liens: a judgment that Chase Bank took against Raquel C. Spears on June 25, 2008, in the amount of $13,577.99; and a mechanics lien that Sterling Glass / Dual Pane, Inc., filed on August 21, 2008, in the amount of $6,327.19. In her supporting papers, Ms. Spears represents that she owns a one-half interest in real property at 3491 East Main Road in the Village of Fredonia, New York; that it has a fair market value of $167,200; and that the property is encumbered by a first mortgage given to secure a principal balance of $220,000. Although

the debtor has made payments on account of the mortgage indebtedness, the outstanding loan balance exceeds the value of the property.

Because Spears does not reside on the real property at 3491 East Main Road, she cannot claim it as exempt under New York law and therefore cannot move under 11 U.S.C. § 522(f) to avoid judicial liens that impair an exemption.  Nor does this section afford relief with respect to statutory liens like the mechanics lien of Sterling Glass / Dual Pane, Inc. Instead, Raquel Spears now seeks to avoid the judgment and mechanics lien pursuant to the authority of 11 U.S.C. § 506(a)(1) and (d).  In relevant part, subdivision (a)(1) states that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim."  Because the outstanding mortgage exceeds the value of the real property, the debtor asserts that the judgment and mechanics lien are fully unsecured.  She then reasons that this court can avoid these liens pursuant to subdivision (d) of section 506, which states in relevant part that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ."

In *Dewsnup v. Timm*, 502 U.S. 410 (1992), the Supreme Court rejected the argument that the debtor now advances.  Specifically, the Court concluded "that § 506(d) does not allow petitioner to 'strip down' respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to § 502."  502 U.S. at 417. Although criticized by two dissenting justices, the decision in *Dewsnup* essentially precludes the debtor's use of section 506 to avoid liens in a case filed under Chapter 7 of the Bankruptcy Code.  4 COLLIER ON BANKRUPTCY ¶ 506.06(1)(c) (ALAN N. RESNICK & HENRY J. SOMMER eds.-in-chief, 15th ed. rev., 2006).

In 2005, Congress amended section 506(a) of the Bankruptcy Code by adding the following subdivision:

> (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

Even though this amendment speaks only to personal property, the debtor contends that it expresses a general intent to limit security interests to the value of the underlying collateral. By implication, therefore, the debtor would find an intent to overrule the result in *Dewsnup*.

The obvious purpose of section 506(a)(2) is to codify the appropriate methodology for valuation of personalty, for use in those instances where the Bankruptcy Code allows the application of section 506(a)(1). For example, the court may need to determine the amount of an allowed secured claim for purposes of redemption of personal property by a Chapter 7 debtor under 11 U.S.C. § 722, or for purposes of determining the value of distributions by a Chapter 13 trustee under 11 U.S.C. § 1325(a)(5). The amendment to section 506(a) simply does not speak to any reconsideration of the holding in *Dewsnup v. Timm*. Rather, in that decision, the Supreme Court interpreted the same language that remains unchanged in the current text of section 506(a)(1) and 506(d).

The holding of *Dewsnup v. Timm* continues as binding precedent that this court must apply in the present instance. Section 506 provides no authority for the strip down of liens in Chapter 7. Accordingly, the plaintiff's motion for lien avoidance is in all respect denied.

So ordered.

Dated:   Buffalo, New York              /s/ CARL L. BUCKI
         December 9, 2009           Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.